UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH CHERNICK,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:19-cv-00160-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL<br><br>ORDER THAT THE CLERK'S OFFICE ENTER JUDGMENT IN FAVOR OF CLAIMANT AND CLOSE THIS CASE |

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of her application for disability insurance benefits. On May 7, 2020, we heard argument from the parties. Because we agree with claimant that the administrative law judge ("ALJ") did not offer specific and legitimate reasons for rejecting the opinion of Dr. Finstad, we remand this case for further considerion and order that the clerk of court enter judgment in favor of the claimant.

**DISCUSSION**

Claimant alleged disability in July 2014 based on a variety of medical issues, including degenerative disc disease and carpal tunnel syndrome. In February 2018, following a hearing, the ALJ found that claimant retained the residual functional capacity to perform the demands of medium work, with limitations. AR 22. Claimant now argues that the ALJ's decision should be remanded because the ALJ failed to properly consider an opinion signed by treating physician Gary Finstad, M.D., and because the ALJ erred in evaluating the opinion of physician's assistant

1

James Gutzman.[1]

We have jurisdiction under 42 U.S.C. § 405(g), pursuant to which we ask whether substantial evidence supports the ALJ's factual findings and whether the ALJ's decision conformed with applicable law.

Claimant argues that the ALJ erred by rejecting an opinion cosigned by physician's assistant Gutzman and Dr. Finstad, a treating physician, without offering "specific and legitimate" reasons, citing *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ summarized and rejected the opinion as follows:

> In February 2017 Mr. Gutzman completed a medical source statement opining that the claimant could sit stand and walk less than 2 hours in an 8 hour day rarely lift up to 10 pounds never twist or climb ladders rarely stoop bend climb stairs occasionally crouch and squat miss more than four days per month Ex. 24F. I afford this assessment little weight although it was cosigned by Gary Finstad M.D. because the limitation to working less than a forty hour workweek is not consistent with medical record.

AR 25; *see also* AR 815-19 (the opinion in question).

As an initial matter, the fact that the opinion was merely cosigned by Dr. Finstad does not entitle the ALJ to dismiss it with a shorthand analysis. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011); *see also Decker v. Colvin*, No. 6:11-CV-06344-HU, 2013 WL 3791444, at *15 (D. Or. July 19, 2013) ("[T]he proper inquiry is whether the ALJ gave specific, legitimate reasons for disregarding Armstrong's opinion because it was essentially transformed into that of an acceptable medical source based on Dr. Rogers' supervision and agreement . . . as evidenced by his signature."). We thus agree with claimant that the applicable standard is whether the ALJ offered specific and legitimate reasons for rejecting the opinion cosigned by Dr. Finstad. To clear this bar, "[t]he ALJ must do more than offer his conclusions"; instead, "[h]e must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

Here, the ALJ did not offer specific and legitimate reasons for the opinion in question.

---

[1] Because we consider the first issue listed here dispositive, we reverse the order in which these issues are presented in claimant's brief.

2

The sole reason offered by the ALJ for rejecting the opinion is that the opinion "is not consistent with medical record." This conclusory statement is insufficient. Whatever "specific and legitimate reasons" demands, it cannot be satisfied by a blanket statement of conflict between the opinion and the record. Indeed, because the "specific and legitimate" requirement is triggered by a conflict between the opinion and the record, it would make little sense if the ALJ could satisfy that standard by noting the existence of a conflict.[2] *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). The failure to offer specific and legitimate reasons in this case constitutes reversible error.

Claimant additionally alleges that the ALJ erred in evaluating the opinion of physician's assistant James Gutzman. The court need not and does not reach this issue, though we note for the convenience of the parties that this argument is unpersuasive. To discount the opinion of a physician's assistant—not considered an "acceptable medical source" under the regulations—the ALJ need only provide "reasons germane to each witness." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). This is not a high bar, and we believe that the ALJ cleared it by noting that the Gutzman opinions appeared inconsistent with each other. *See* AR 25. Were we to reach this issue, we would find that the ALJ's conclusion on this score—even if not impeccable or incontestable—was acceptably "germane."

In sum, we find that the ALJ's decision contained reversible legal error because it failed to provide specific and legitimate reasons for discounting the opinion of Dr. Finstad. We thus remand for further consideration by the SSA. The clerk of court is directed (1) to enter judgment in favor of claimant Deborah Chernick and against defendant Commissioner of Social Security and (2) to close this case.

---

[2] Nor is this error harmless. The general principle of our circuit is that an ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and internal quotation marks omitted). Here, the discounting of a treating physician's opinion is of great potential consequence to the outcome. *Cf. Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

IT IS SO ORDERED.

Dated:   June 29, 2020                 /s/ Jeremy Peterson
                                                         UNITED STATES MAGISTRATE JUDGE

No. 205.