1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEBORAH CHERNICK,                          Case No.  1:19-cv-160-HBK

12                       Plaintiff,              ORDER GRANTING MOTION
                                                 FOR ATTORNEY FEES
13          v.
                                                 (Doc. No.  29)
14    KILOLO KIJAKAZI,

15                       Defendant.

16

17          Matthew F. Holmberg ("Counsel") of the Law Offices of Lawrence D. Rohlfing, attorney

18    for Deborah Chernick ("Plaintiff"), moved on December 17, 2021, for attorney's fees pursuant to

19    42 U.S.C. § 1383(d)(2)(B).  (Doc. No. 29).  Plaintiff was served with the motion and told she had

20    14 days to object.  (*Id.* at 2).  No opposition has been filed as of the date of this Order.  (*See*

21    docket).  For the reasons set forth below, the motion for attorney's fees is granted in the amount

22    of $8,000.00 subject to an offset of $3,300.00 in fees already awarded under the Equal Access to

23    Justice Act (EAJA), 28 U.S.C. § 2412(d).

24                            **I.      BACKGROUND**

25          On February 5, 2019, Plaintiff brought the underlying action seeking judicial review of a

26    final administrative decision denying Plaintiff's claim for supplemental security income benefits

27    under the Social Security Act.  (Doc. No. 1).  On June 30, 2020, after hearing oral argument on

28    the matter, the Court entered an order remanding the case to an administrative law judge for

further review.  (Doc. No. 24).  After remand, the presiding administrative law judge issued a fully favorable decision awarding Plaintiff benefits on December 23, 2020.  (Doc. No. 29-2; 29-3).  Plaintiff was awarded $41,600.68 in retroactive benefits.  (Doc. No. 229-3).

On December 17, 2021, Counsel filed this motion seeking attorney's fees in the amount of $8,000.00, with an offset of $3,300.00 for EAJA fees already awarded.  (Doc. No. 29).  To collect those fees, Counsel requests they be sent directly from the Commissioner of Social Security to her law firm, the Law Offices of Lawrence D. Rohlfing.   Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits.

## II.   APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled …

42 U.S.C. § 406(b)(1)(A) (emphasis added).

A plaintiff's counsel may recover attorneys' fees under both 42 U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  The plaintiff's attorney must, however, refund to the plaintiff the amount of the smaller fee.  *Id.*

Fees in social security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant."  *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020).  The fee is not *borne* by the Commissioner.  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).  This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrechtt,* 535 U.S. at 805 (internal quotations omitted).  When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements."  *Id.* at 793.  Counsel still bears the burden, however, of showing the requested fees are reasonable.  *Id.* at 807.

2

1   In determining reasonableness, the court may consider the experience of the attorney, the results

2   they achieved, and whether there is evidence the attorney artificially increased the hours worked

3   or the hourly rate charged.  *Id.* at 807-808; *Crawford*, 586 F.3d at 1151.  Any 406(b) award is

4   offset by attorney fees granted under the EAJA.  *Parrish v. Comm'r of Soc. Sec. Admin*., 698 F.3d

5   1215, 1219 (9th Cir. 2012)

6                                    **III.    ANALYSIS**

7           Here, Plaintiff signed a fee agreement providing, "the fee for successful prosecution of

8   this matter is 25% of the past due benefits awarded."  (Doc. No. 29-1 at 1, ¶ 3).  Counsel was

9   ultimately successful in securing $41,600.00 in retroactive benefits for Plaintiff.  (Doc. No. 29-3).

10  In support of this motion, Counsel submitted a declaration attesting that his firm expended 14.42

11  hours in attorney and paralegal time on this matter with supporting documentation.  (Doc. No. 29.

12  at 12-13; 29-4).  The time Counsel spent in successfully attaining Plaintiff's benefits does not

13  appear inflated.

14          Counsel's request for $8,000.00 in fees for fourteen hours of work results in an hourly rate

15  of $554.78 for the combined attorney and paralegal work.[1]  In 2008, the Ninth Circuit found

16  similar hourly rates reasonable in social security contingency fee arrangements.  *Crawford*, 586

17  F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates

18  equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part).

19  More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time.

20  *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19,

21  2020).  Attorney hourly rates inevitably rise as their experience increases, and counsel has been

22  practicing social security law since 2018.  (Doc. No. 29 at 13, ¶6).  The $8,000.00 sought by

23  Counsel is 19.23% of the $41,600.68 in retroactive benefits, below the amount stipulated to in the

24  contingency agreement.  The *Gisbrecht* factors all cut in favor of findings the requested $8,000.00

25  to be reasonable.

26          Counsel was previously awarded $3,300.00 in EAJA fees.  (Doc. No. 28).  Because that

27

28  _____

[1] Counsel does not indicate their typical hourly rate or the typical hourly rate for their paralegal.

3

amount must be subtracted from the requested attorney's fees, the Court will order an award of $4,700.00.

Accordingly, it is **ORDERED**:

1. Plaintiff's Counsel's motion for an award of attorney's fees is GRANTED.  (Doc. No. 29).   The Commissioner shall certify a net fee of $4,700.00 to Matthew F. Holmberg.

2. Pursuant to Counsel's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing by the Commissioner from the remainder of the benefits due to Plaintiff.

3. The Clerk of the Court is respectfully directed to serve a copy of this order on Deborah Chernick, PO Box 650, Wofford Heights, Fresno, CA 93285.


Dated:   __February 24, 2022__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4